IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DENNIS BAKER and LYNN TALBOTT,** ) | |
| **on behalf of themselves and all others** ) | |
| **similarly situated,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 14-1324 |
| v. ) | |
| ) | |
| **COXCOM, INC.,** *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiffs originally filed this class action in the District Court of Sedgwick County, Kansas, seeking a declaration that defendants Coxcom, Inc., Coxcom, LLC, and Time Warner Entertainment-Advance/Newhouse Partnership d/b/a/ Time Warner Cable are liable for wages plaintiffs claim their former employer, Mill-Tel, Inc. ("Mill-Tel") was required to pay them.  (Doc. 1-1.)  As alleged by plaintiffs, defendants are cable companies who contracted their cable television installation work to Mill-Tel, who in turn employed plaintiffs to perform the work.  (*Id*. ¶ 3.)  Plaintiffs contend that Mill-Tel wrongfully withheld compensation from them.  (*Id.* ¶ 25.)  Plaintiffs seek to hold the defendant cable companies liable under Kan. Stat. Ann. § 44-317 for those wages Mill-Tel allegedly wrongfully withheld.

After plaintiffs filed suit, defendants removed the action to this court.  Defendants argue that plaintiffs' right to recovery of compensation from Mill-Tel or, derivatively, from defendants, if any, turns on substantial questions of federal law under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219.  Specifically, defendants assert that subject matter jurisdiction exists because plaintiffs allege they are owed wages under the FLSA.  (Doc. 1 at 2–3.)  Plaintiffs deny federal question

jurisdiction exists, asserting that their claims arise from state law and that the allegations do not present a serious federal interest.  This matter is before the court on plaintiffs' Motion to Remand (Doc. 6).

## I. Legal Standards

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  When the assertion of removal jurisdiction is based on federal question, the court generally relies on the "well-pleaded complaint rule," that is, an action arises under federal law "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Id.* (citation omitted).  In determining whether a federal question exists to justify removal jurisdiction, a court must look solely at the plaintiff's complaint rather than to any subsequent pleading or the notice for removal.  *Mountain Fuel Supply Co. v. Johnson*, 586 F.2d 1375, 1380 (10th Cir. 1978).

Because this is a court of limited jurisdiction, the court must refrain from exercising jurisdiction unless it is certain that such jurisdiction has been granted by Congress.  *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1182 (10th Cir. 2000) ("In light of the limited subject matter jurisdiction granted to the federal courts by Congress, we have a duty to satisfy ourselves that jurisdiction is appropriate.").  The removing defendant carries the burden of demonstrating that removal was proper and that the federal court has original jurisdiction.  *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).  Federal removal jurisdiction is statutory in nature, and the governing statutes are to be strictly construed.  *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108–09 (1941); *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 814 (1986).  It is well-settled that the presumption is against removal jurisdiction.  *Coca-Cola Bottling of Emporia, Inc. v. S. Beach*

*Beverage Co.*, 198 F. Supp. 2d 1280, 1285 (D. Kan. 2002). Doubtful cases must be resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

## II. Analysis

According to plaintiffs, the defendant cable companies subcontracted part of their cable installation work to Mill-Tel. Plaintiffs are installation technicians who allege they performed that work as employees of Mill-Tel. Plaintiffs allege that, from 2006 to the present, Mill-Tel had a policy of unlawfully withholding compensation from its employees. Plaintiffs do not allege that defendants employed them, nor do plaintiffs' claims include any allegation that defendants violated the FLSA. Rather, plaintiffs allege that Mill-Tel unlawfully withheld compensation from them and that, pursuant to Kan. Stat. Ann. § 44-317, defendants are liable to plaintiffs for those wages. According to plaintiffs' state court petition, plaintiffs have a lawsuit on file in this court against Mill-Tel, alleging that Mill-Tel violated the FLSA and the Kansas Wage Payment Act ("KWPA"). *See Michael Knight, et al. v. Mill-Tel, Inc.*, Case No. 11-1143-EFM-KGS (the "*Mill-Tel Case*").

In this case, plaintiffs have sued defendants under Kan. Stat. Ann. § 44-317, which provides in pertinent part:

> Whenever any person responsible pursuant to a contract for the performance of any work has subcontracted the performance of all or any part of such work, such responsible person shall be civilly liable to the employees of the subcontractor for wages due on account of the performance of work covered by the contract, but only if and to the extent that the subcontractor fails to pay such wages.

Kan. Stat. Ann. § 44-317. As such, state law creates plaintiffs' cause of action against defendants. Where a claim finds its origins in state law, as plaintiffs' claim here, the Supreme Court has identified a "special and small category" of cases in which federal jurisdiction lies. *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013) (citing *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). Federal jurisdiction over a state law claim will lie if a federal issue is: "(1) necessarily raised,

(2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 133 S. Ct. at 1065 (holding no federal question jurisdiction over state legal malpractice action that necessarily involved interpretation of federal patent law). A substantial federal question involves the interpretation of a federal statute that actually is in dispute in the litigation and is so important that it "sensibly belongs in federal court." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005).

Reviewing plaintiffs' state court petition against these defendants, plaintiffs do not allege that Mill-Tel failed to pay them wages in violation of the FLSA. Instead, plaintiffs allege that Mill-Tel failed to pay them wages in violation of the KWPA—specifically, that Mill-Tel inappropriately deducted monies from their compensation in violation of Kan. Stat. Ann. §§ 44-314 and 44-319(a). (Doc. 1-1 ¶ 47) ("Mill-Tel has violated, and continues to violate, the KWPA."). Therefore, because plaintiffs' state court petition does not appear to implicate the FLSA at all, the court determines that the FLSA issue—to the extent it exists—is not substantial.

Additionally, the court considers the relief plaintiffs seek in this action, which is as follows: "a declaration that K.S.A. 44-317 applies to the work performed by the KWPA Class members for the Cable Compan[y defendants]." (Doc. 1-1 ¶ 30.) Thus, it does not appear that the court must apply or interpret the FLSA to adjudicate plaintiffs' declaratory judgment action. Rather, the court must look to the work performed by plaintiffs and determine whether that work falls within the scope of Kan. Stat. Ann. § 44-317. In contrast, the *Mill-Tell Case* (which was appropriately removed to federal court) includes allegations that Mill-Tel violated the FLSA. As such, issues of federal law in the *Mill-Tel Case* are substantial, and whether Mill-Tel violated the FLSA will be adjudicated in that case.

Here, although federal law might be consulted or referred to in determining the extent Mill-Tel failed to pay such wages, the court cannot say that federal law governs the action or that the action

sensibly belongs in federal court. Plaintiffs seek recovery under state law, and defendants have failed to establish that plaintiffs' relief necessarily depends on the FLSA, or that, if it does, the question of federal law involved is substantial. *See, e.g.*, *Corre v. Steltenkamp*, No. 06-30-DLB, 2006 WL 2385352, at *2–3 (E.D. Ky. Aug. 16, 2006) (granting motion to remand where plaintiff alleged state law breach of contract claim for failure to pay minimum wage and overtime "pursuant to Federal law"). The court concludes that plaintiffs do not raise a substantial federal issue.

Defendants argue that, because they are not parties to the *Mill-Tel Case*, it would be a violation of their due process rights to permit plaintiffs to use a judgment (or related findings) obtained in the *Mill-Tel Case* against them. (Doc. 11 at 6–7.) Even if true, however, this does not confer subject matter jurisdiction or otherwise afford defendants a basis for removal. Federal jurisdiction exists only when a federal question is present on the face of the plaintiffs' properly pleaded complaint. *Caterpillar*, 482 U.S. at 392. Cases originally brought in state court that do not present a federal question may not be removed to federal court simply because a federal defense is anticipated, "even if both parties concede that the federal defense is the only question truly at issue." *Turner v. Lester*, No. 08-3166-SAC, 2008 WL 2783544, at *3 (D. Kan. July 17, 2008) (citing *Caterpillar*, 482 U.S. at 393). Here, jurisdiction cannot be conferred by defendants' anticipated defenses, even federal constitutional defenses. (*Id.*)

Defendants also assert that this case is removable because plaintiffs' claims are preempted by the FLSA. However, the FLSA does not completely preempt the wage and hour field—state regulation is permissible and contemplated under the FLSA. *See* 29 U.S.C. § 218(a) ("No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law . . . ."). The court concludes that plaintiffs' state law claim under § 44-317 is not preempted by the FLSA. *Tarcha v. Rockhurst Continuing Educ. Ctr.*, No. 11–2487–KHV, 2012 WL 1998782, at *3 (D. Kan.

June 4, 2012) (holding that the FLSA does not preempt a KWPA claim even if it is based on the same facts as an FLSA claim); *Rukavitsyn v. Sokolov Dental Labs., Inc.*, No. 2:12-CV-02253-JAR, 2012 WL 3066578, at *5 (D. Kan. July 27, 2012).

To the extent the court has any doubts about federal jurisdiction, the court must find in favor of remand. *See Fajen*, 683 F.2d at 333. Here, defendants have failed to satisfy their burden that removal was proper. Accordingly, the court concludes that this case should be remanded pursuant to 28 U.S.C. § 1447(c) due to this court's lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Remand (Doc. 6) is granted.

**IT IS FURTHER ORDERED** that this case is remanded to the District Court of Sedgwick County, Kansas.

Dated this 20th day of February, 2015, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**